UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4194

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CAROLYN JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge. (CR-03-51)

Submitted: July 15, 2005          Decided: November 22, 2005

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Joan A. Mooney, LAW OFFICES OF STILLER & MOONEY, PLLC, Morgantown, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Stephanie L. Ojeda, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carolyn Jones pleaded guilty to providing a prohibited object to a prison inmate, in violation of 18 U.S.C. § 1791(a)(1) (2000). She was sentenced to forty-six months in prison. Jones now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two claims but stating that, in her opinion, there are no meritorious issues for review. Jones has filed a pro se supplemental brief raising one issue. Counsel has also filed a supplemental brief claiming that Jones' sentence violates United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). Finding no error, we affirm.

I

Jones was charged with three offenses in a five-count indictment. She entered into a written plea agreement, in which she agreed to plead guilty to the § 1791(a)(1) offense. Jones admitted at her Fed. R. Crim. P. 11 proceeding that, on November 2, 2001, she delivered a package containing thirteen "balloons" or packets of heroin weighing 24.4 grams to Kenneth Lamont Owens. Owens was an inmate at the Federal Correctional Institute at Beckley, West Virginia.

The transcript of Jones' Rule 11 hearing discloses full compliance with that Rule. We note that she understood the maximum

sentence to which she was statutorily subject and that her sentence would be determined by reference to the sentencing guidelines.

Jones' presentence report assigned a base offense level of 13. See U.S. Sentencing Guidelines Manual § 2P1.2(a)(2) (2003). The cross reference in the guideline applied in this case, resulting in a base offense level of 26. See USSG § 2P1.2(c). Jones' criminal history category was I, for a guideline range of 63-78 months. There were no objections to the presentence report.

At sentencing, the district court reduced the offense level by three levels for acceptance of responsibility, resulting in a guideline range of 46-57 months. The court denied Jones' motion for downward departure based upon a sentence disparity between Owens, who pleaded guilty to a different offense, and Jones. The court sentenced Jones to forty-six months in prison.

II

Jones first claims that the district court erred when it denied her motion for downward departure. This court lacks the authority to review the denial of a motion for downward departure unless the district court mistakenly believed it lacked the power to depart. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990). Here, the district court did not express doubt about its ability to depart, but instead found no merit to counsel's argument and, in its discretion, denied the motion. Accordingly, we lack

jurisdiction to review the denial of the motion, and we dismiss this portion of the appeal.

III

In both the <u>Anders</u> brief and Jones' pro se brief, an argument is raised that the district court should have ordered that Jones serve part of her sentence on home confinement because of her physical condition. The claim was not raised below, and our review is for plain error. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). Because Jones, who underwent gastric bypass surgery in 2001 and requires a special diet, does not have an extraordinary physical impairment and is not a seriously infirm individual, home detention would not be warranted under USSG § 5H1.4. Therefore, there was no plain error.

IV

Although Jones claims that her sentence violates <u>Booker</u> and <u>Blakely</u>, it did not. Quite simply, Jones admitted at the Rule 11 proceeding that she delivered 24.4 grams of heroin to Owens, a prisoner. In <u>Booker</u>, the Supreme Court concluded that enhancing sentences based on facts found by the court alone and not by the jury violated the Sixth Amendment imperative that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established

- 4 -

by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>United States v. Booker</u>, 125 S. Ct. at 756 (reaffirming holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)). It is simply immaterial that Jones may have believed that the contraband was marijuana. She admitted what substance she introduced into the prison and the weight of that substance. There was no Sixth Amendment violation.

V

Our review of the entire record in this case discloses no grounds for reversal, and we accordingly affirm. In accordance with <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we dismiss the appeal in part and affirm in part. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u><br>
<u>DISMISSED IN PART</u>